FILED
2015 Apr-23  AM 09:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### (SOUTHERN DIVISION)

LUGENE WALKER, JR.,

      PLAINTIFF,

v.                                CIVIL ACTION NO.:

EQUIFAX INFORMATION            _____
SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS,
INC; TRANS UNION LLC;
AMERICAN EXPRESS CENTURION BANK;
CAPITAL ONE AUTO FINANCE, INC.;
FIRST PREMIER BANK, N.A.;
NEXCHECK, LLC;
PROFESSIONAL FINANCE CO.;
WELLS FARGO, N.A.; AND
WELLS FARGO AUTO LOSS RECOVERY;

      DEFENDANTS.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff LUGENE WALKER, JR. ("Mr. Walker" or "Plaintiff"), and with knowledge as to plaintiff's own acts, upon information and belief and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery alleges as follows:

1

<u>PRELIMINARY STATEMENT</u>

1.      This is an action for actual, statutory and punitive damages, costs and attorneys' fees pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, against Defendants: Equifax Information Services LLC; Experian Information Solutions, Inc.; TransUnion LLC, American Express Centurion Bank; Capital One Auto Finance, Inc., First Premier Bank, N.A., NexCheck, LLC, Professional Finance Co., Wells Fargo, N.A. and Wells Fargo, N.A. d/b/a Wells Fargo Auto Loss Recovery.

2.      Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal and financial information compiled concerning consumers and sold to users by consumer reporting agencies ("CRAs").

3.      On December 4, 2003, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With ability to better protect themselves and their families.[1]

4.      The stated purpose of FACTA is "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make

---

[1] http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html   as   of March 6, 2015.

improvements in the use of, and consumer access to, credit information, and for other purposes."[2]

5.     Towards this end, Congress provided "powerful new tools" to consumers, including the right to dispute information due to fraud, obtain free credit reports due to identity theft and to the right to request the truncation of Social Security numbers on consumer disclosures (commonly referred to as credit reports).

6.     FACTA also imposed additional duties on consumer reporting agencies to repair the damage done to identity theft victims' credit files by blocking information that is the result of identity theft.

7.     Like identity theft, "mixed files" create a false description of a consumer's credit history.

8.     A "mixed file" occurs when information that relates to Consumer B appears in Consumer A's credit file.

9.     More recently, the New York Attorney General defined a mixed file as credit file information that is mixed with that of another consumer.[3]

10.     Mixed files are not a new phenomenon.  EMS has been on notice of the existence of mixed files for at least thirty (30) years.  See Thompson v. San

---

[2]  Pub. L. No. 108-159 (2003)  http://www.gpo.gov/fdsys/pkg/PLAW-108publ159/pdf/PLAW-108publ159.pdf   as of March 6, 2015.

[3] See http://www.ag.ny.gov/press-release/ag-schneiderman-announces-groundbreaking-consumer-protection-settlement-three-national Last visited April 22, 2015.

<u>Antonio Retail Merchants Ass'n</u>, 682 F.2d 509 (5th Cir. 1982).

11.     Mixed files occur despite consumers' unique personal identifying information, such as Social Security numbers.

12.     Further, mixed files result in the disclosure of a consumers' most personal identifying and financial information absent the consumer's knowledge or consent, or both.

13.     Mixed files also result in the debt collection harassment of innocent consumers because debt collectors use CRA databases to "skip trace" debtors and locate the alleged debtor's address and telephone number.

14.     The consumer reporting agency defendants in this case are aware of Federal Trade Commission and state attorney general enforcement actions concerning or related to mixed files.

15.     Likewise, the FCRA imposes duties on persons who furnish information to CRAs ("furnishers").  *See* 15 U.S.C. §§ 1681s-2(a), (2), (4), (5). Specifically, furnishers must satisfy five duties after receipt of notice of a consumer dispute from a CRA.  15 U.S.C. § 1681s-2(b)(1)(A-E).

JURISDICTION & VENUE

16.     This Court has jurisdiction of this action for violations of the FCRA pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

17.     Mr. Walker is a consumer as defined by 15 U.S.C. § 1681a(c), and

Plaintiff is resident of this judicial district.

18.     Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

19.     Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

20.     Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

21.     Equifax, Experian and Trans Union are referred to throughout as the "CRA Defendants."

22.     Defendant American Express Centurion Bank ("AmEx") is a person who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2[4], and conducts substantial and regular business activities in this judicial district.

23.     Defendant Capital One Auto Finance, Inc. ("Capital One") is a person who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C.

---

[4] Plaintiff is making a claim against AmEx under §1681s-2(b).  Plaintiff is not making a claim against AmEx under §1681s-2(a).

§ 1681s-2[5], and conducts substantial and regular business activities in this judicial district.

24.     Defendant First Premier Bank, N.A. ("First Premier") is a person who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2[6], and conducts substantial and regular business activities in this judicial district.

25.     Defendant NexCheck, LLC ("NexCheck") is a person who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2[7], and conducts substantial and regular business activities in this judicial district.

26.     Defendant Professional Finance, Co. ("PFC") is a person who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2[8], and conducts substantial and regular business activities in this judicial district.

27.     Defendant Wells Fargo, N.A. ('Wells Fargo") is a person who

---

[5] Plaintiff is making a claim against Capital One under §1681s-2(b).  Plaintiff is not making a claim against Capital One under §1681s-2(a).

[6] Plaintiff is making a claim against  First Premier under §1681s-2(b).  Plaintiff is not making a claim against First Premier under §1681s-2(a).

[7] Plaintiff is making a claim against Nexcheck under §1681s-2(b).  Plaintiff is not making a claim against Nexcheck under §1681s-2(a).

[8] Plaintiff is making a claim against PFC under §1681s-2(b).  Plaintiff is not making a claim against PFC under §1681s-2(a).

furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2[9], and conducts substantial and regular business activities in this judicial district.

28.    Defendant Wells Fargo, N.A. d/b/a Wells Fargo Loss Recovery (WFLR") is a person who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2[10], and conducts substantial and regular business activities in this judicial district.

## FACTUAL ALLEGATIONS

29.    Plaintiff is a victim of identity theft as that term is defined by 15 U.S.C. § 1681a(q)(3).

30.    An impostor used Plaintiff's personal identifying information to apply for and open accounts without Plaintiff's consent.

31.    The imposter opened fraudulent accounts with several creditors, including Capital One and Wells Fargo, and possibly others, and at least one checking account.

32.    Defendants have been reporting the inaccurate and derogatory information relating to Plaintiff and Plaintiff's credit history to third parties

---

[9] Plaintiff is making a claim against Wells Fargo under §1681s-2(b).  Plaintiff is not making a claim against Wells Fargo under §1681s-2(a).

[10] Plaintiff is making a claim against WFLR under §1681s-2(b).  Plaintiff is not making a claim against WFLR under §1681s-2(a).

(hereinafter the "false information").

33.    The false information includes accounts, addresses, employers, phone numbers, Social Security numbers and inquiries that do not belong to Plaintiff.

34.    The false information includes accounts with American Express, Capital One Auto Finance, Nexcheck, First Premier, Professional Finance Co, Wells Fargo and Wells Fargo Loss Recovery.   The information is false because Plaintiff did not open these accounts.

35.    The balances, account ownership and payment history for the accounts described in the preceding paragraph are false because Plaintiff did not owe the aforementioned creditors for these balances because an impostor opened the accounts or the accounts belonged to another consumer.

36.    The false information was provided to persons other than Plaintiff.

37.    The false information negatively reflects on Plaintiff's repayment history, financial responsibility as a debtor and credit worthiness.

38.    Equifax prepared and issued credit reports concerning Plaintiff that include the false information.   Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting.   Equifax continued to report inaccurate information.   Plaintiff requested Plaintiff's consumer disclosure (commonly referred to as a "credit report") from Equifax.   On at least one occasion, Equifax failed to send Plaintiff his credit report. Plaintiff provided

Equifax with a police report.  Plaintiff requested Equifax to provide him with the steps it undertook when it reinvestigated the disputed information.  On at least one occasion, Equifax failed to provide Plaintiff with the steps it undertook when reinvestigating the disputed information.  Plaintiff requested Equifax to redact the first five (5) digits of his Social Security number on his credit report.  On at least one occasion, Equifax failed to hide the first (5) digits of Plaintiff's Social Security number.  Plaintiff requested Equifax to add a consumer statement to his file. Equifax failed to add a consumer statement to Plaintiff's file.

39.     Experian prepared and issued credit reports concerning Plaintiff that include the false information.  Plaintiff notified Experian that he disputed the accuracy of the information Experian was reporting. Experian continued to report false information. Experian refused to reinvestigate all of the disputed information. Plaintiff asked Experian to provide Plaintiff with the steps it undertook while reinvestigating the disputed information.  On at least one occasion, Experian failed to provide Plaintiff with the steps it undertook pertaining to the reinvestigation of disputed information.  Plaintiff requested his free credit report from Experian.  On at least one occasion, Experian failed to provide Plaintiff with his credit report. Plaintiff requested his free credit report from Experian due to fraud.   Plaintiff provided Experian with a police report.  On at least one occasion, Experian failed to provide Plaintiff with his credit report. Plaintiff requested Experian to add a

consumer statement to his file.  On at least one occasion, Experian failed to add the requested consumer statement to Plaintiff's file.

40.    Trans Union prepared and issued credit reports concerning Plaintiff that include the false information.  Plaintiff notified Trans Union that he disputed the accuracy of the information Trans Union was reporting. Trans Union did not reinvestigate all of the disputed information. Trans Union continued to report false information. Plaintiff requested Trans Union to add a consumer statement to Plaintiff's file.  Trans Union did not add a consumer statement to Plaintiff's file. Plaintiff requested his consumer disclosure from Trans Union.  On at least one occasion, Trans Union failed to provide Plaintiff with his report.  Plaintiff requested his consumer disclosure from Trans Union due to fraud.  On at least one occasion, Trans Union failed to provide Plaintiff with his report due to fraud. Plaintiff asked Trans Union to provide him with the steps Trans Union undertook while reinvestigating the disputed information.  On at least one occasion, Trans Union failed to provide Plaintiff with the steps it undertook pertaining to the reinvestigation of disputed information.

41.    Plaintiff notified the CRA Defendants that their reporting of the Capital One account was inaccurate.

42.    Plaintiff notified the CRA Defendants that the Capital One account was not his.

43.    Equifax, Experian and Trans Union notified Capital One of Plaintiff's dispute.

44.    Capital One notified Equifax, Experian and Trans Union that it verified the account.

45.    Capital One did not conduct an investigation with respect to the disputed information.

46.    Capital One did not contact Plaintiff concerning the accuracy of the account.

47.    Capital One did not contact third parties concerning the accuracy of the account.

48.    Capital One did not review underlying account documents, such as the application for credit.

49.    Capital One did not conduct any handwriting analysis on Plaintiff's signature or signature on the account application(s).

50.    Capital One did not make a reasonable inquiry into the disputed information.

51.    Capital One did not review all relevant information provided by the CRA Defendants pertaining to the Capital One account.

52.    At best, Capital One verified the false information by confirming Plaintiff's personal identifying information with the personal identifying

information reported by the CRA Defendants. This is not a reasonable investigation.

53.   Capital One failed to modify or delete the false account information.

54.   Plaintiff notified the CRA Defendants that their reporting of the American Express account was inaccurate.

55.   Plaintiff notified the CRA Defendants that the AmEx account was not his.

56.   Equifax, Experian and Trans Union notified AmEx of Plaintiff's dispute.

57.   AmEx notified Equifax, Experian and Trans Union that it verified the account.

58.   AmEx did not conduct an investigation with respect to the disputed information.

59.   AmEx did not contact Plaintiff concerning the accuracy of the account.

60.   AmEx did not contact third parties concerning the accuracy of the account.

61.   AmEx did not review underlying account documents, such as the application for credit or cancelled checks.

62.   AmEx did not conduct any handwriting analysis on Plaintiff's

signature or signature on the account application or checks.

63.    AmEx did not make a reasonable inquiry into the disputed information.

64.    AmEx did not review all relevant information provided by the CRA Defendants pertaining to the account.

65.    At best, AmExp verified the false information by confirming Plaintiff's personal identifying information with the personal identifying information provided by the CRA Defendants. This is not a reasonable investigation.

66.    AmEx failed to modify or delete the false account information.

67.    Plaintiff notified the CRA Defendants that their reporting of the First Premier account was inaccurate.

68.    Plaintiff notified the CRA Defendants that the First Premier account was not his.

69.    Equifax, Experian and Trans Union notified First Premier of Plaintiff's dispute.

70.    First Premier notified Equifax, Experian and Trans Union that it verified the account.

71.    First Premier did not conduct an investigation with respect to the disputed information.

72.     First Premier did not contact Plaintiff concerning the accuracy of the account.

73.     First Premier did not contact third parties concerning the accuracy of the account.

74.     First Premier did not review underlying account documents, such as the application for credit or cancelled checks.

75.     First Premier did not conduct any handwriting analysis on Plaintiff's signature or signature on the account application or checks.

76.     First Premier did not make a reasonable inquiry into the disputed information.

77.     First Premier did not review all relevant information provided by the CRA Defendants pertaining to the account.

78.     At best, First Premier verified the false information by confirming Plaintiff's personal identifying information with the personal identifying information provided by the CRA Defendants. This is not a reasonable investigation.

79.     First Premier failed to modify or delete the false account information.

80.     Plaintiff notified the CRA Defendants that their reporting of the NexCheck account was inaccurate.

81.     Plaintiff notified the CRA Defendants that the NexCheck account was

14

not his.

82.     Equifax, Experian and Trans Union notified NexCheck of Plaintiff's dispute.

83.     NexCheck notified Equifax, Experian and Trans Union that it verified the account.

84.     NexCheck did not conduct an investigation with respect to the disputed information.

85.     NexCheck did not contact Plaintiff concerning the accuracy of the account.

86.     NexCheck did not contact third parties concerning the accuracy of the account.

87.     NexCheck did not review underlying account documents, such as the application for credit or cancelled checks.

88.     NexCheck did not conduct any handwriting analysis on Plaintiff's signature or signature on the account application or checks.

89.     NexCheck did not make a reasonable inquiry into the disputed information.

90.     NexCheck did not review all relevant information provided by the CRA Defendants pertaining to the account.

91.     At best, NexCheck verified the false information by confirming

Plaintiff's personal identifying information with the personal identifying information provided by the CRA Defendants. This is not a reasonable investigation.

92.   NexCheck failed to modify or delete the false account information.

93.   Plaintiff notified the CRA Defendants that their reporting of the PFC account was inaccurate.

94.   Plaintiff notified the CRA Defendants that the PFC account was not his.

95.   Equifax, Experian and Trans Union notified PFC of Plaintiff's dispute.

96.   PFC notified Equifax, Experian and Trans Union that it verified the account.

97.   PFC did not conduct an investigation with respect to the disputed information.

98.   PFC did not contact Plaintiff concerning the accuracy of the account.

99.   PFC did not contact third parties concerning the accuracy of the account.

100.   PFC did not review underlying account documents, such as the application for credit or cancelled checks.

101.   PFC did not conduct any handwriting analysis on Plaintiff's signature

or signature on the account application or checks.

102.   PFC did not make a reasonable inquiry into the disputed information.

103.   PFC did not review all relevant information provided by the CRA Defendants pertaining to the account.

104.   At best, PFC verified the false information by confirming Plaintiff's personal identifying information with the personal identifying information provided by the CRA Defendants. This is not a reasonable investigation.

105.   PFC failed to modify or delete the false account information.

106.   Plaintiff notified the CRA Defendants that their reporting of the Wells Fargo accounts were inaccurate.

107.   Plaintiff notified the CRA Defendants that the Wells Fargo accounts were not his.

108.   Equifax, Experian and Trans Union notified Wells Fargo of Plaintiff's dispute.

109.   Wells Fargo notified Equifax, Experian and Trans Union that it verified the accounts.

110.   Wells Fargo did not conduct an investigation with respect to the disputed information.

111.   Wells Fargo did not contact Plaintiff concerning the accuracy of the accounts.

112.   Wells Fargo did not contact third parties concerning the accuracy of the accounts.

113.   Wells Fargo did not review underlying account documents, such as the applications for credit or cancelled checks.

114.   Wells Fargo did not conduct any handwriting analysis on Plaintiff's signature or signature on the account application or checks.

115.   Wells Fargo did not make a reasonable inquiry into the disputed information.

116.   Wells Fargo did not review all relevant information provided by the CRA Defendants pertaining to the accounts.

117.   At best, Wells Fargo verified the false information by confirming Plaintiff's personal identifying information with the personal identifying information provided by the CRA Defendants. This is not a reasonable investigation.

118.   Wells Fargo failed to modify or delete the false account information.

119.   Plaintiff notified the CRA Defendants that their reporting of the WFLR account was inaccurate.

120.   Plaintiff notified the CRA Defendants that the WFLR account was not his.

121.   Equifax, Experian and Trans Union notified WFLR of Plaintiff's

dispute.

122.   WFLR notified Equifax, Experian and Trans Union that it verified the account.

123.   WFLR did not conduct an investigation with respect to the disputed information.

124.   WFLR did not contact Plaintiff concerning the accuracy of the account.

125.   WFLR did not contact third parties concerning the accuracy of the account.

126.   WFLR did not review underlying account documents, such as the application for credit or cancelled checks.

127.   WFLR did not conduct any handwriting analysis on Plaintiff's signature or signature on the account application or checks.

128.   WFLR did not make a reasonable inquiry into the disputed information.

129.   WFLR did not review all relevant information provided by the CRA Defendants pertaining to the account.

130.   At best, WFLR verified the false information by confirming Plaintiff's personal identifying information with the personal identifying information provided by the CRA Defendants. This is not a reasonable investigation.

131.   WFLR failed to modify or delete the false account information.

132.   As a result of defendants' failure to comply with the requirements of the FCRA, Plaintiff suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, reduction in credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

### FIRST CLAIM FOR RELIEF
(against Experian)
(Negligent Noncompliance with FCRA)

133.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

134.   Experian negligently failed to comply with the requirements of the FCRA.

135.   As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

136.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF
(against Experian)
(Willful Noncompliance with FCRA)

137.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

138.   Experian willfully failed to comply with the requirements of the FCRA.

139.   As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

140.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## THIRD CLAIM FOR RELIEF
(against Trans Union)
(Negligent Noncompliance with FCRA)

141.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

142.   Trans Union negligently failed to comply with the requirements of the FCRA.

143.   As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

144.   Plaintiff requests her attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

FOURTH CLAIM FOR RELIEF
(against Trans Union)
(Willful Noncompliance with FCRA)

145.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

146.   Trans Union willfully failed to comply with the requirements of the FCRA including, but not limited to, 15 U.S.C. §§ 1681i and e(b).

147.   As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

148.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

<u>FIFTH CLAIM FOR RELIEF</u>
(against Equifax)
(Negligent Noncompliance with FCRA)

149.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

150.   Equifax negligently failed to comply with the requirements of the FCRA.

151.   As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to Plaintiff's reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

152.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

<u>SIXTH CLAIM FOR RELIEF</u>
(against Equifax)
(Willful Noncompliance with FCRA)

153.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

154.   Equifax willfully failed to comply with the requirements of the FCRA.

155.   As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to Plaintiff's reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

156.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

SEVENTH CLAIM FOR RELIEF
(against American Express)
(Negligent Noncompliance with FCRA)

157.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

158.   American Express negligently failed to comply with the requirements of the FCRA, pursuant to 15 U.S.C. § 1681s-2(b).

159.   As a result of American Express' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

160.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

<u>EIGHTH CLAIM FOR RELIEF</u>
(against American Express)
(Willful Noncompliance with FCRA)

161.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

162.   American Express wilfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

163.   As a result of American Express' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

164.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

<u>NINTH CLAIM FOR RELIEF</u>
(against Capital One)
(Negligent Noncompliance with FCRA)

165.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

166.   Capital One negligently failed to comply with the requirements of the

25

FCRA, pursuant to 15 U.S.C. § 1681s-2(b).

167.  As a result of Capital One's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

168.  Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

<u>TENTH CLAIM FOR RELIEF</u>
(against Capital One)
(Willful Noncompliance with FCRA)

169.  Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

170.  Capital One willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

171.  As a result of Capital One's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks statutory and punitive

damages in an amount to be determined by the jury.

172.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

173.   Plaintiff requests a jury trial on all issues so triable.

### ELEVENTH CLAIM FOR RELIEF
(against First Premier)
(Negligent Noncompliance with FCRA)

174.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

175.   First Premier negligently failed to comply with the requirements of the FCRA, pursuant to 15 U.S.C. § 1681s-2(b).

176.   As a result of First Premier's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

177.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

### TWELFTH CLAIM FOR RELIEF
(against First Premier)
(Willful Noncompliance with FCRA)

178.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

179.   First Premier willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

180.   As a result of First Premier's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

181.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

182.   Plaintiff requests a jury trial on all issues so triable.

THIRTEENTH CLAIM FOR RELIEF
(against NexCheck)
(Negligent Noncompliance with FCRA)

183.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

184.   Nexcheck negligently failed to comply with the requirements of the FCRA, pursuant to 15 U.S.C. § 1681s-2(b).

185.   As a result of Nexcheck's e's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit,

damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

186.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

FOURTENTH CLAIM FOR RELIEF
(against Nexcheck)
(Willful Noncompliance with FCRA)

187.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

188.   Nexcheck willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

189.   As a result of Nexcheck's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

190.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

FIFTENTH CLAIM FOR RELIEF
(against PFC)
(Negligent Noncompliance with FCRA)

191.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

192.   PFC negligently failed to comply with the requirements of the FCRA, pursuant to 15 U.S.C. § 1681s-2(b).

193.   As a result of PFC's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

194.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

SIXTENTH CLAIM FOR RELIEF
(against PFC)
(Willful Noncompliance with FCRA)

195.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

196.   PFC willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

197.   As a result of PFC's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including

economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

198.     Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

SEVENTENTH CLAIM FOR RELIEF
(against Wells Fargo)
(Negligent Noncompliance with FCRA)

199. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

200.   Wells Fargo negligently failed to comply with the requirements of the FCRA, pursuant to 15 U.S.C. § 1681s-2(b).

201.   As a result of Wells Fargo's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

202.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

<u>EIGHTENTH CLAIM FOR RELIEF</u>
(against Wells Fargo)
(Willful Noncompliance with FCRA)

203.  Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

204.  Wells Fargo willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

205.  As a result of Wells Fargo's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

206.  Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

<u>NINETENTH CLAIM FOR RELIEF</u>
(against WFLR)
(Negligent Noncompliance with FCRA)

207.  Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

208.  WFLR negligently failed to comply with the requirements of the FCRA, pursuant to 15 U.S.C. § 1681s-2(b).

209.   As a result of WFLR's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

210.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

## TWENTIETH CLAIM FOR RELIEF
(against WFLR)
(Willful Noncompliance with FCRA)

211.   Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

212.   WFLR willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

213.   As a result of WFLR's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

214.   Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

215.   Plaintiff requests a jury trial on all issues so triable.

PRAYER

WHEREFORE, Plaintiff seeks judgment against Defendants, as follows:

On the First Claim for Relief:

1.   Actual damages to be determined by the jury;

2.   Attorneys' fees;

3.   Costs and expenses incurred in the action;

On the Second Claim for Relief:

1.   Actual damages to be determined by the jury;

2.   Statutory and punitive damages to be determined by the jury;

3.   Attorneys' fees; and

4.   Costs and expenses incurred in the action.

On the Third Claim for Relief:

1.   Actual damages to be determined by the jury;

2.   Attorneys' fees;

3.   Costs and expenses incurred in the action;

On the Fourth Claim for Relief:

1.   Actual damages to be determined by the jury;

2.   Statutory and punitive damages to be determined by the jury;

3.     Attorneys' fees; and

4.     Costs and expenses incurred in the action.

On the Fifth Claim for Relief:

1.     Actual damages to be determined by the jury;

2.     Attorneys' fees;

3.     Costs and expenses incurred in the action;

On the Sixth Claim for Relief:

1.     Actual damages to be determined by the jury;

2.     Statutory and punitive damages to be determined by the jury;

3.     Attorneys' fees; and

4.     Costs and expenses incurred in the action.

On the Seventh Claim for Relief:

1.     Actual damages to be determined by the jury;

2.     Attorneys' fees;

3.     Costs and expenses incurred in the action;

On the Eighth Claim for Relief:

1.     Actual damages to be determined by the jury;

2.     Statutory and punitive damages to be determined by the jury;

3.     Attorneys' fees; and

4.     Costs and expenses incurred in the action.

On the Ninth Claim for Relief:

1.     Actual damages to be determined by the jury;

2.     Attorneys' fees;

3.     Costs and expenses incurred in the action;

On the Tenth Claim for Relief:

1.     Actual damages to be determined by the jury;

2.     Statutory and punitive damages to be determined by the jury;

3.     Attorneys' fees; and

4.     Costs and expenses incurred in the action.

On the Eleventh Claim for Relief:

1.     Actual damages to be determined by the jury;

2.     Attorneys' fees;

3.     Costs and expenses incurred in the action;

On the Twelfth Claim for Relief:

1.     Actual damages to be determined by the jury;

2.     Statutory and punitive damages to be determined by the jury;

3.     Attorneys' fees; and

4.     Costs and expenses incurred in the action.

On the Thirteenth Claim for Relief:

1.     Actual damages to be determined by the jury;

2.      Attorneys' fees;

3.      Costs and expenses incurred in the action;

On the Fourteenth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Statutory and punitive damages to be determined by the jury;

3.      Attorneys' fees; and

4.      Costs and expenses incurred in the action.

On the Fifteenth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Attorneys' fees;

3.      Costs and expenses incurred in the action;

On the Sixteenth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Statutory and punitive damages to be determined by the jury;

3.      Attorneys' fees; and

4.      Costs and expenses incurred in the action.

On the Seventeenth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Attorneys' fees;

3.      Costs and expenses incurred in the action;

On the Eighteenth Claim for Relief:

1.    Actual damages to be determined by the jury;

2.    Statutory and punitive damages to be determined by the jury;

3.    Attorneys' fees; and

4.    Costs and expenses incurred in the action.

On the Nineteenth Claim for Relief:

1.    Actual damages to be determined by the jury;

2.    Attorneys' fees;

3.    Costs and expenses incurred in the action;

On the Twentieth Claim for Relief:

1.    Actual damages to be determined by the jury;

2.    Statutory and punitive damages to be determined by the jury;

3.    Attorneys' fees; and

4.    Costs and expenses incurred in the action.

**<u>PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS</u>**

Respectfully submitted,

*/s/* Micah S. Adkins
Micah S. Adkins (ASB-8639-I48A)
THE ADKINS FIRM, P.C.
301 19th Street North, Suite 581
The Kress Building
Birmingham, AL  35203
Telephone: (205) 458-1204

Facsimile: (205) 208-9632
Email: MicahAdkins@ItsYourCreditReport.com
*Attorney for Plaintiff*